TAniAPEBEO, J.
The defendant, being the purchaser of several squares or parcels of ground lying in New Orleans, from the plaintiff, to whom he executed a mortgage by authentic act to secure the payment of the price, and failing in his payments, the vendor obtained an order of seizure and sale, and caused the property to be sold.
At the sale Henry Samory, who occupies the position of appellant in this controversy, became the purchaser of one of the parcels or squares on the conditions proposed, but declined afterwards to comply with the terms of the adjudication, alleging that the sheriff and the seizing creditor were unable to make a valid title to the property. ■ He caused a rule to be served upon the plaintiff, the defendant and the sheriff to make him a valid deed, or in default therein to show cause why the adjudication should not be set aside, and the sum of one hundred dollars, deposited by him, restored. Upon trial of the rule it was dismissed. From the judgment of dismissal Samory a2>pealed.
In this court the case was heard by agreement upon the order of seizure and sale found in the record, and upon the arguments and notes of counsel presented in their briefs.
The appellant objects that the tax sale, under which Handlin, the plaintiff’s vendor, acquired the square of ground, is null through informalities in the proceedings, and points out as radical defects an insufficient and vague description of the property; and the land having been sold as property of a non-resident, no legal appointment of a curator ad hoc to represent the absentee was made as required by the act of 1858, (No. 285, Session Acts.) It appears that the advertisement describes the property as sold for the taxes due upon it for the years 1853, 1854, 1855, 1856 and 1857, and is described as square No. 626, bounded by the streets Euphrosine, Calliope, Second and St. John’s Avenue; and that the constable’s sale to Handlin gives the same description.
The appellant gives the description of the square, as to number and "boundaries taken from the assessment rolls of delinquent tax-payers for the several years mentioned, showing some variation in the names of streets, and that in the deed to him the square is numbered 671; whereas, in all the assessments referred to it bears the number 626. He points out also that in the deed to him the streets named as boundaries of the square are Euphrosine, Calliope, Rendon, St. John or Hogan Avenue. On the part of the defendant, however, the discrepancy in the number of the square as well as that in the name of one of the streets, forming a part of the boundary, seems to be explained.
The name of “ Second street ” has been, by a city ordinance, changed to Rendon. Leovy’s City Laws and Ordinances, p. 282. And the number of the square, bounded by the four streets above named, has, by the city authority, been changed from 626 to 671. New Digest, City Laws, page 487.
"We shall next examine the objection of the appellant, as to the appointment of and services of a curator ad hoc to represent the unknown owner of the property.
*325 The justice of the peace of the Seventh Justice’s Court rendered the order of sale for the taxes, and appends to the order the following:
“C. E. Schmidt, attorney ad hoc.” Mr. Schmidt, sworn as a witness on trial of the rule, said that he acted as curator ad hoc in the case. A receipt of the witness was shown for fees in various cases Of the kind; one of which is designated as the case No. 143, in the Seventh Justice Court, and this corresponds with the number of the case in which the order was rendered.
Upon the whole, we think that the requirements of the law have been sufficiently complied with to render the title acquired by the purchaser at the tax sale a valid one.
It appears that he has been in possession for a number of years, paying taxes for the benefit of the State and the city, and that his title has not hitherto been questioned.
We see no sufficient ground for the purchaser, Samory, to refuse to comply with the terms of the adjudication of the property. 5
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, reserving to the parties in interest the right to further legal proceedings against the delinquent purchaser, according to law, the appellant paying costs in both courts.